*E-Filed 06/15/2010*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

BOARD OF TRUSTEES OF THE SHEET METAL WORKERS HEALTH CARE PLAN OF NORTHERN CALIFORNIA, SHEET METAL WORKERS PENSION TRUST OF NOTHERN CALIFORNIA, SHEET METAL WORKERS LOCAL 104 VACATION, HOLIDAY SAVINGS PLAN, and BRUCE WORD as Trustee,

    Plaintiffs,

v.

KYM MECHANICAL, a California corporation, formerly doing business as JAYCO MECHANICAL,

    Defendant.

_____/

No. C 09-05944 RS

**ORDER DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

Plaintiffs are the Board of Trustees of the Sheet Metal Workers Health Care Plan of Northern California, Sheet Metal Workers Pension Trust of Northern California, Sheet Metal Workers Local 104 Vacation, Holiday Savings Plan, and Bruce Word as Trustee (collectively, the "Union"). They move for default judgment, liquidated damages, interest, attorneys' fees, and costs

pursuant to Federal Rules of Civil Procedure Rule 55(b)(2).  Defendant Kym Mechanical ("Kym") has not filed papers in opposition.  This matter is appropriate for resolution without oral argument, pursuant to Civil Local Rule 7-1(b).  Accordingly, the motion hearing scheduled for **June 17, 2010** is **vacated**.  It is apparent from plaintiffs' motion and supplemental declarations that they must submit additional information before default judgment would be appropriate.[1]  Their motion is therefore denied without prejudice.  The Clerk's entry of default shall remain in place and, good cause appearing, plaintiffs may renew their motion for default.

## I.   BACKGROUND

On July 1, 1994, Kym entered into a collective bargaining agreement (the "Agreement") with the Union, which provided that Kym would periodically contribute funds based on the number of Union employee hours worked.  As plaintiffs explain, the Savings Plan's administrators sent to Kym a preprinted form each month.  This form listed all known employees and the applicable "fringe benefit contribution rates."  Maraia Decl. ¶ 2.  Kym was to complete the reporting form by making corrections (such as deletions of terminated employees or additions of new hires) and by totaling up all contribution sums due.  Under the Agreement, Kym had until the twentieth day of the month after the work was completed to pay these contributions.  Payments after the twentieth were termed "delinquent."  The parties extended the Agreement from June 30, 1999 to June 30, 2006.  What is not entirely clear from the papers, though, is whether the Agreement remained valid after June 30, 2006.  Under this second contract, late payment subjected Kym to liability for liquidated damages, as well as for attorneys' fees and costs.

---

[1] Entry of default judgment is within the court's discretion, *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980), and is governed by the following factors: (1) the merits of plaintiffs' substantive claim; (2) the sufficiency of the complaint; (3) prejudice to plaintiffs; (4) the sum of money at stake; (5) potential disputes concerning material facts; (6) whether default was due to excusable neglect; and (7) the Federal Rules of Civil Procedure's strong policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  When considering the Eitel factors, all factual allegations in plaintiffs' complaint are taken as true, except for those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).  Because certain threshold questions indicate that default judgment would be premature, the Court does not reach the *Eitel* factors.

NO. C 09-05944 RS
ORDER

Apparently, a dispute arose when Kym made a delinquent payment for work done in September of 2009. Plaintiffs allege that when they sought liquidated damages for that delinquent payment, Kym stopped making certain monthly contributions altogether. On December 18, 2009, the Union filed the instant Complaint, citing Kym's failure to pay liquidated damages relating to the September late payment and for any missed contributions (and corresponding late fees) thereafter. After Kym failed to respond to the Complaint or make an appearance in the case, plaintiffs sought an entry of default, which the Clerk of Court entered. Plaintiffs now move for default judgment pursuant to contract law and section 1132 of the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* 29 U.S.C. § 1132(g)(2).

A declaration filed with the instant motion indicates that, for the time periods stated in the Complaint, Kym's underpayments total $25,010.64. *See* Ex. 3 of Maraia Decl. Plaintiffs also seek interest assessed from the delinquency date of each payment. *Id.* (calculating interest); *See also* Ex. 6 of Carroll Decl. (setting rate of interest). To lend legitimacy to these amounts, plaintiffs supply copies of the self-reporting documents described above (and listing employee names, hours worked, and payment due dates). *See* Ex. 4 of Maraia Decl. Somewhat disconcertingly, though, the majority of these documents are unsigned by the employer.

When combined with interest and liquidated damages, the damage request climbs to $41,859.53. *See* Ex. 3 of Maraia Decl. Finally, plaintiffs seek attorneys' fees through June 17, 2010, totaling $740.00, plus costs of suit totaling $425.00. *See* Carroll Decl. 1:24-1:28 (calculating fees and costs). The total requested recovery is $43,024.53. The Complaint, by contrast, generally requests recovery of the unpaid contributions owed, liquidated damages, interest, attorneys' fees, and costs of suit but provides no numerical estimate of these requested damages.

Plaintiffs allege they notified Kym of the entry of default and subsequent motion for default judgment. They also submit copies of various documents allegedly sent to Kym to alert it to the exact damages requested. These documents are unsigned, blank, and bear no indication of the time period to which they refer, nor any estimation of the extent of Kym's liability.

II.   DISCUSSION

A.     Existence of Contract

Plaintiffs neither provide evidence nor allege that the Agreement extended beyond June of 2006. The alleged failures to contribute funds first occurred in 2009. The very fact that Kym continued to make payments beyond 2006 does of course suggest an extension occurred, but without really any explanation from plaintiffs, it is not clear that this Court may assume the existence of a contract governing the relevant time period. If such a contract exists, plaintiffs should so indicate.

B.     Damages Must Not Differ in Kind from Those Identified in the Complaint

A second threshold question is whether plaintiffs seek to recover damages not listed in their Complaint. Following entry of default, district courts are authorized to grant default judgment so long as the judgment does not "differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c); *see also* Fed. R. Civ. P. 55. Technically, the Complaint describes the *kind* of damages plaintiffs seek. The Complaint does not, though, ever actually estimate the expected recovery, and so the numbers expressed in plaintiffs' motion for default do not appear anywhere in the Complaint. In explanation, plaintiffs at least in the Complaint suggest that Kym had "unique knowledge of the amounts of contributions . . . . ." Compl. ¶ 6. Assuming this is true, it raises the question of whether plaintiffs' estimates are indeed reliable. In the motion and referenced supporting declarations and exhibits, plaintiffs do supply copies of the self-reporting records exchanged by the parties to support their contention that Kym's reported underpayments, liquidated damages, and interest for the time periods named in the Complaint total $41,859.53. While these records detail Kym's expected monthly contributions, the fact that few are actually signed by the employer does give some cause for concern.

The chief concern surrounding plaintiffs' failure to pin down their requested relief prior to the default judgment stage is that, in doing so, they may have also failed to notify Kym adequately. Plaintiffs, of course, insist they duly (and even periodically) informed Kym of the relief they now request. *See* Ex. 5 of Carroll Decl. They supply bare form documents used for payment defaults devoid of dates and signatures. *See* Ex. 2 of Maraia Decl. Indeed, many of these documents are labeled "drafts" and lack markings of any kind. *Id.* Presumably, completed versions of these

1 default forms, if sent to Kym, would demonstrate that Kym on a monthly basis knew *precisely* the extent of plaintiffs' demands.  From the facts and documents presented, it seems possible Kym was amply notified.  Such a showing, however, is not sufficient to merit default judgment.

### III.   CONCLUSION

Plaintiffs have failed to submit evidence regarding several crucial issues and, accordingly, their motion for default judgment is denied without prejudice.  Plaintiffs may supply the necessary documents and renew the motion.

IT IS SO ORDERED.

Dated: 06/15/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

No. C 09-05944 RS
ORDER