*E-Filed 08/30/2010*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SHEET METAL WORKERS HEALTH CARE PLAN OF NORTHERN CALIFORNIA, SHEET METAL WORKERS PENSION TRUST OF NOTHERN CALIFORNIA, SHEET METAL WORKERS LOCAL 104 VACATION, HOLIDAY SAVINGS PLAN, and BRUCE WORD as Trustee,<br><br>        Plaintiffs,<br>  v.<br><br>KYM MECHANICAL, a California corporation, formerly doing business as JAYCO MECHANICAL,<br><br>        Defendant. | No. C 09-05944 RS<br><br>**ORDER RE: PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |

## I.   INTRODUCTION

Plaintiffs are the Board of Trustees of the Sheet Metal Workers Health Care Plan of Northern California, Sheet Metal Workers Pension Trust of Northern California, Sheet Metal Workers Local 104 Vacation, Holiday Savings Plan, and Bruce Word as Trustee. On June 15, 2010

No. C 09-05944 RS
ORDER

this Court denied without prejudice the plaintiffs' motion for default judgment, citing several deficiencies in their presentation. Plaintiffs now renew their motion, pursuant to contract law and section 1132 of the Employee Retirement Income Security Act of 1974. *See* 29 U.S.C. § 1132(g)(2). Because supplemental information is necessary for proper consideration of plaintiffs' renewed motion, the motion hearing scheduled for September 2, 2010 at 1:30 p.m. is continued to **September 23, 2010**. Plaintiffs shall submit the requested information on or before September 16, 2010.

## II.  DISCUSSION

On July 1, 2006, Kym Mechanical entered into a Standard Form Union Agreement with the Sheet Metal Workers' International Association, Local Union No. 104, and the Bay Area Association of SMACNA Chapters, which provided that Kym would periodically contribute funds based on the number of Union employee hours worked. As plaintiffs explain, the Savings Plan's administrators sent to Kym a preprinted form each month. This form listed all known employees and the applicable "fringe benefit contribution rates." Kym was to complete and return the reporting form and timely pay any owed contributions. Under the Agreement, Kym had until the tenth day of the month after the work was completed to make its payments. Payments made after the *twentieth* day were termed "delinquent." Late payment subjected Kym to liability for liquidated damages, interest, and any attorneys' fees and costs directed toward recovery of missed or delinquent payments. In their renewed motion, plaintiffs explain that the contract also provided that it "shall continue in force and effect from year to year thereafter unless written notice of re-opening is given." They assert that defendants never supplied written notice of any kind and, accordingly, insist the contract has remained in effect since 2006.

Apparently, a dispute arose when Kym Mechanical made a delinquent payment for work completed in September of 2009. Plaintiffs allege that when they sought liquidated damages for that delinquent payment, Kym stopped submitting both the self-reporting forms or its monthly contributions. Specifically, plaintiffs explained in their original motion for default judgment that they sought either missed contributions, liquidated damages, or interest (or all of the above) for the

No. C 09-05944 RS
ORDER

1 months of September, 2009 through March, 2010 for Employer No. 381510 (the renewed motion
2 adds the months of April and May of 2010).  They also sought missed contributions for the months
3 of September 2009 through January 2010 for Employer Nos. 381505 and 381520 (the renewed
4 motion adds the months of February through May of 2010 for the former, and February and March
5 of 2010 for the latter).

6       A declaration filed with the original motion indicated that, for the time periods stated in the
7 Complaint, Kym's underpayments totaled $25,010.64.  After accounting for interest, liquidated
8 damages, fees, and costs, this number climbed to $42,284.53.  In their renewed motion, plaintiffs
9 clarify that Kym Mechanical disbursed $35,543.66 between the issuance of the June 16 Order and
10 the filing of plaintiffs' motion.  They aver that this sum represents *only* the outstanding
11 contributions owed to the Trust and does not include liquidated damages, interest, attorneys' fees, or
12 costs.  They assert that Kym Mechanical still owes $20,693.18 in liquidated damages, $3,490.96 in
13 interest (purportedly calculated at a rate of fifteen percent), and $425 in costs.  They suggest
14 attorneys' fees should be determined by this Court.  The plaintiffs do not detail the number of
15 attorney hours expended or the hourly rate at which plaintiffs' attorneys were retained.

16       There are several problems apparent from the face of the documents submitted to support
17 these estimates.  In their motion, plaintiffs explain that liquidated damages should be assessed at
18 twenty percent of the outstanding contribution, as provided for in the Trust Agreement.  All
19 calculations they supply contemplate liquidated damages assessed at this rate.  The relevant section
20 of the Agreement, however, instructs that the correct percentage is actually *ten* percent.  In a
21 declaration that accompanied the original motion, plaintiff witness Maraia also notes that liquidated
22 damages should be assessed at the ten percent rate.  A memorandum sent from the Sheet Metal
23 Workers of Northern California Pension Plan perhaps explains the discrepancy.  It is addressed to
24 "all contributing employers," and clarifies that "[o]nce a matter is referred to Collection Counsel,
25 liquidated damages increase as of the date of referral to twenty percent of the total amount of any

billing still due and owing as of that date." Plaintiffs must make clear when the matter was referred to "Collection Counsel" and adjust their calculations accordingly.[1]

As to the interest rate, plaintiffs' renewed moving papers do not detail the rate employed. In their original filing, they suggested interest would be assessed "at rates determined by formula, Exhibit 2, Item III, Section C, page 9." This appears to be a reference to the Standard Form Agreement. The section cited to, however, discusses a "vacation-holiday-savings plan." In the table of calculations included in plaintiffs' renewed motion, the interest heading states that interest was levied at a rate of fifteen percent. That said, plaintiffs also submit a letter sent by plaintiffs' attorney to Kym Mechanical in November of 2009. This letter states that interest will be calculated at a rate of ten percent. An "Important Reminder" memorandum sent from the Sheet Metal Workers' Local 104 to "all contributing employers" in February of 2010 also discusses the ten percent figure. Plaintiffs must explain and defend the interest rate adopted.

Finally, plaintiffs seek attorneys' fees in an amount to be determined by the Court. In their original motion, plaintiffs' requested fees through June 17, 2010, totaling $740.00. It would be helpful to include the hourly rate and an estimate of attorney hours worked.

IT IS SO ORDERED.

Dated: 08/30/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[1] It appears from the record that the matter was referred to Collection Counsel by at least November of 2009, which would appear to mean that liquidated damages for the months of September and October of 2009 should be assessed at the ten percent rate.