*E-Filed 9/23/2010*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SHEET METAL WORKERS HEALTH CARE PLAN OF NORTHERN CALIFORNIA, SHEET METAL WORKERS PENSION TRUST OF NOTHERN CALIFORNIA, SHEET METAL WORKERS LOCAL 104 VACATION, HOLIDAY SAVINGS PLAN, and BRUCE WORD as Trustee,<br><br>        Plaintiffs,<br>  v.<br><br>KYM MECHANICAL, a California corporation, formerly doing business as JAYCO MECHANICAL,<br><br>        Defendant.<br>_____/ | No. C 09-05944 RS<br><br>**ORDER RE: PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |

I.  INTRODUCTION

Plaintiffs are the Board of Trustees of the Sheet Metal Workers Health Care Plan of Northern California, Sheet Metal Workers Pension Trust of Northern California, Sheet Metal Workers Local 104 Vacation, Holiday Savings Plan, and Bruce Word as Trustee. On June 15, 2010,

1  and again on August 30, 2010, this Court denied without prejudice plaintiffs' motion for default
2  judgment, citing several slight deficiencies in their presentation.  Plaintiffs renew their motion,
3  pursuant to contract law and section 1132 of the Employee Retirement Income Security Act of
4  1974.  *See* 29 U.S.C. § 1132(g)(2).  Plaintiffs have submitted the supplemental information this
5  Court requested and, having established that default judgment is warranted, it shall be entered here.

## II.  FACTUAL & PROCEDURAL BACKGROUND

On July 1, 2006, Kym Mechanical entered into a Standard Form Union Agreement[1] with the Sheet Metal Workers' International Association, Local Union No. 104, and the Bay Area Association of SMACNA Chapters.  Kym agreed to contribute funds periodically based on the number of Union employee hours worked.  As plaintiffs explain, the Fund's administrators sent to Kym a preprinted form each month.  This form listed all known employees and the applicable "fringe benefit contribution rates."  Kym was to complete and return the reporting form and timely pay any owed contributions.  Under the Agreement, Kym had until the tenth day of the month after the work was completed to make its payments.  Payments made after the *twentieth* day were deemed to be "delinquent."  Late payment subjected Kym to liability for liquidated damages, interest, and any attorneys' fees and costs directed toward recovery of missed or delinquent payments.

Plaintiffs explain that Kym found itself in a difficult financial situation in September of 2009 and failed to make that month's contribution.  Kym missed multiple, consecutive payments for the months that followed, and the plaintiffs brought the instant lawsuit.  They alleged a violation of ERISA's terms and sought contributions, damages, interest, fees, and costs relating to all missed contributions from September of 2009 onward (including the time between the filing of the Complaint and the date of judgment).  In their renewed motion, plaintiffs clarify that Kym disbursed $35,543.66 after the issuance of the June 16 Order.  They aver that this sum represents *only* the outstanding contributions owed to the Trust and does not include liquidated damages, interest,

---

[1] This Court previously expressed concern that the plaintiffs had not actually identified whether the contract was in effect during the months at issue here.  In their renewed motion, plaintiffs explain that the contract provided that it "shall continue in force and effect from year to year thereafter unless written notice of re-opening is given."  They assert that defendants never supplied written notice of any kind and, accordingly, insist the contract has remained in effect since 2006.

NO. C 09-05944 RS
ORDER

2

United States District Court<br>For the Northern District of California

attorneys' fees, or costs. It is only these sums that plaintiffs seek to recover here. They assert that Kym still owes $20,693.18 in liquidated damages (calculated at the maximum rate supportable under 29 U.S.C. § 1132(g), or 20 percent), $2,329.23 in interest (calculated at a rate of 10 percent), and $425 in costs. As for attorneys' fees, plaintiffs aver the completion of the Complaint, motions for default judgment and supplemental declarations required 8.45 attorney hours, billed at an hourly rate of $185. Accordingly, they request $1,563.25 in fees. In total, plaintiffs seek an award of $25,010.66.

### III.  LEGAL STANDARD

Following entry of default, district courts are authorized to grant default judgment, so long as the judgment does not "differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c); *see also* Fed. R. Civ. P. 55. Entry of default judgment is within the court's discretion, *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980), and is governed by the following factors: (1) the merits of plaintiffs' substantive claim; (2) the sufficiency of the complaint; (3) prejudice to plaintiffs; (4) the sum of money at stake; (5) potential disputes concerning material facts; (6) whether default was due to excusable neglect; and (7) the Federal Rules of Civil Procedure's strong policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering the *Eitel* factors, all factual allegations in plaintiffs' complaint are taken as true, except for those relating to damages. *Tele Video Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

### IV.  DISCUSSION

A. <u>Merits of the Claim, Sufficiency of the Complaint, and Prejudice to Plaintiff</u>

ERISA section 1145 provides that every employer who is obligated to make contributions under the terms of a collective bargaining agreement must make them in accordance with that agreement. 29 U.S.C. § 1145. Section 1132(g), in turn, states that in an action to enforce payment of delinquent contributions, the court shall award the plan: (a) the unpaid contributions; (b) interest on the unpaid contributions; (c) an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of

20 percent of the amount determined by the court under section (a); (d) reasonable attorney's fees and costs. 29 U.S.C. § 1132(g)(2). A plaintiff is entitled to an award of liquidated damages under 1132(g)(2) if the following requirements are satisfied: (1) the employer is delinquent at the time the action is filed; (2) the district court enters a judgment against the employer; and (3) the plan provides for such an award. *Plumbers & Pipefitters Nat'l Pension Fund v. Eldridge*, 232 Fed. Appx. 680, 683 (9th Cir. 2007).

Plaintiffs acknowledge that Kym has recently paid the contributions at issue in the Complaint and initial motion for default judgment (that is, it has made all payments for contributions owed from September of 2009 through March of 2010). Kym has failed only to submit payments for accumulated interest, liquidated damages, fees, and costs. The plaintiff Trust Fund employs a two-tiered rate for assessing liquidated damages. At least initially, liquidated damages are assessed at a rate of 10 percent of the unpaid contribution (this figure is discussed in the Master Agreement, Item 5, Section C). Once a case is referred to collection counsel, however, the rate increases to 20 percent (as detailed in a memo sent from plaintiffs to "all contributing employers" in November of 2008). In response to this Court's concern about when, exactly, plaintiffs made the relevant referral to class counsel in this case, plaintiffs explain the referral occurred in November of 2009. Payments for the delinquent contributions owed for the months of September and October were not made, plaintiffs aver, until long after November. Accordingly, they insist that the 20 percent rate should be levied against all missed contributions. The figure they request—$20,693.18—represents 20 percent of delinquent contributions between the months of September, 2009 and March, 2010. As Kym was delinquent at the time this action was filed, and as the parties' agreement contemplated liquidated damages, these damages are adequately pleaded and warranted both by agreement and by statute.

The parties' agreement also provides that damages and missed contributions are subject to interest at a rate of 10 percent until paid in full. Here, plaintiffs provide detailed charts of the contributions owed each month: the chart notes the date on which the contribution was paid, assesses liquidated damages for delinquent payments at a rate of 20 percent, and levies interest at an

additional ten percent on both the unpaid contributions (at least until the date on which they were paid) and the outstanding liquidated damages. The damages they request as well as their calculations with interest follow the formulas provided for in the agreement.

The amount of attorney hours worked, 8.45, is a reasonable number in a case that required only preparation of a complaint and a supportable motion for default judgment. The hourly rate assessed, $185, is also reasonable.

Accordingly, the plaintiffs have adequately pleaded that Kym violated its statutory duty under ERISA. Failure to impose a judgment here would risk prejudice to the plaintiffs as it is not clear how the Trust can otherwise recover the unpaid damages, interest, fees, and costs owed.

B. Potential Disputes of Material Fact, Excusable Neglect, Sum of Money at Stake

The principal issue here concerns the listed amounts of unpaid damages or interest. In response to this Court's request for authority in support of the damages and interests formula employed, plaintiffs have now provided an adequate explanation. They also aver that Kym has access to the same documents and contracts that discuss the damages and interest formulas. This fact also suggests defendants' failures to appear or defend the case do not arise from excusable neglect. The record reflects that Kym was duly served with both the Complaint and the series of renewed motions for default judgment detailing all amounts owed.

C. Strong Policy Favoring Decisions on the Merits

The Federal Rules espouse a preference for resolving cases on their merits. *See Eitel*, 782 F.2d at 1472. Here, defendants have been aware of this litigation from at least the date the Complaint was filed. As plaintiffs indicate, they were made fully aware of the recovery plaintiffs request and have since privately paid a substantial portion of the funds requested. Even so, defendants have failed to participate in this litigation despite repeated opportunity to do so. A decision on the merits is therefore impossible.

V. CONCLUSION

With the exception of a policy favoring decisions on the merits, all other *Eitel* factors favor entry of default and it should therefore be granted. An award in the amount of $25,010.66 shall be issued.

IT IS SO ORDERED.

Dated: 9/23/10

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

No. C 09-05944 RS
ORDER

6